UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JAMES MICHAEL MATTINGLY

        CASE NO. 07-51707

DEBTOR

JAMES W. GARDNER, TRUSTEE        PLAINTIFF

v.        ADV. NO. 07-5074

WELLS FARGO BANK, N.A.        DEFENDANT

**MEMORANDUM OPINION**

    This matter having come before the court upon Defendant's Motion for Summary Judgment(DOC 6), and upon Plaintiff's Motion for Summary Judgment (DOC 7), and the matter having been heard by the court on February 7, 2008, the court issues this memorandum opinion.

    This matter is submitted to the court on the issue of whether the defendant had an interest in property that could be mortgaged on December 20, 2002. The trustee is seeking to avoid the mortgage under 11 U.S.C. § 544 contending that, since the mortgage was executed before the debtor acquired a deed to the property, the debtor did not grant a valid mortgage on the property.

    The jurisdiction of this case is based upon 28 U.S.C. § 1334 in that it arises under Title 11 U.S.C. This is a core proceeding under 28 U.S.C. § 157. Venue for this complaint is proper pursuant to 28 U.S.C. § 1409.

FACTS

    The facts are not in dispute. On November 26, 2002, the debtor entered into a written contract to purchase real property. On December

20, 2002, the debtor executed a promissory note and a mortgage encumbering the property. On December 23, 2002, a deed to the property was signed and delivered. Apparently the deed was timely recorded followed by the mortgage.

LAW AND ANALYSIS

The trustee argues that, since the deed to the property was signed after the mortgage, the mortgage is void because the debtor had no interest in the property to mortgage. The defendant argues that (1) every kind of interest in real estate may be mortgaged, (2) the deed and mortgage both provide the trustee with notice of the recorded instruments, and (3) that other valid recorded instruments put the trustee on inquiry of a prior equitable interest.

"When a typical installment land contract is used as the means of financing the purchase of property, legal title to the property remains in the seller until the buyer has paid the entire contract price or some agreed-upon portion thereof, at which time the seller tenders a deed to the buyer. However, equitable title passes to the buyer when the contract is entered. The seller holds nothing but bare legal title . . ." Sebastian v. Floyd, 585 S.W.2d 381, 382 (S.Ct. Ky. 1979).

"Any interest capable of passing by purchase or descent is capable of being encumbered by mortgage. . . In order to grant a valid mortgage in property one must have present valid title, whether legal or equitable, or some other recognized property interest in the property sought to be mortgaged. . . Thus, a purchaser of real property may properly grant a security interest in his or her equitable interest in property held subject to the rights of a land contract vendor. . . Accordingly, Debtor's equitable interest in the

property was transferrable, and was, therefore, a mortgageable interest. Thus, Debtor had a right to pledge his equitable interest in the Mulberry Street property as collateral for his loan from First Citizens." In re Jones, 186 B.R. 71, 77 (Bankr. W.D. Ky. 1995).

The trustee argues that Jones relies on Sebastian v. Floyd and Sebastian v. Floyd does not apply because it concerned an installment land contract instead of an offer to purchase contract. However, the trustee does not provide an argument why the rationale of Sebastian v. Floyd should not apply to this case.

This court sees no reason why an offer to purchase contract, properly executed by the parties, should be viewed differently from an installment land contract with regard to the acquisition by the purchaser of an equitable interest as a result of the contract and the ability of the purchaser to encumber that interest. Accordingly, the debtor acquired an equitable interest in the property when the purchase contract was entered into on November 26, 2002 and the debtor could encumber that interest by a mortgage. Since that issue is decisive, the court does not analyze the other arguments of the defendant; namely, whether the deed and mortgage both provide the trustee with notice of the recorded instruments, or whether other valid recorded instruments put the trustee on inquiry of a prior equitable interest.

This memorandum opinion constitutes the court's findings of fact and conclusions of law. An order GRANTING Defendant's Motion for Summary Judgment, DENYING Plaintiff's Motion for Summary Judgment, and DISMISSING the herein adversary proceeding shall be issued separately.

COPIES TO:

```
U.S. Trustee
James W. Gardner, Esq.
John Lange, Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
**<u>*William S. Howard*</u>**
**Bankruptcy Judge**
**Dated: Friday, February 15, 2008**
**(wsh)**